**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5908-17T2

PAUL YOON and
STEVE YOON,

 Plaintiffs-Appellants,

v.

ISSAC EFFAH,

 Defendant-Respondent.

_____

Argued June 25, 2019 – Decided July 10, 2019

Before Judges Rothstadt and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3609-16.

David M. Wasserman argued the cause for appellants (Andrew Park PC, attorneys; David M. Wasserman, on the brief).

Glenis Laurel Perez argued the cause for respondent (Cooper Maren Nitsberg Voss & DeCoursey, attorneys; Glenis Laurel Perez, of counsel and on the brief).

PER CURIAM

Plaintiffs Paul and Steve Yoon appeal the August 28, 2018 order that dismissed their personal injury complaint for failure to satisfy the limitation on lawsuit threshold (verbal threshold).[1]  We vacate the order on procedural grounds without addressing the merits of the verbal threshold issues.  The trial court erred by dismissing the complaint based on defendant's in limine motions that did not provide plaintiffs with time to respond.  We remand this case to the trial court to set an appropriate motion schedule to hear two issues raised by defendant: whether Paul[2] is subject to the verbal threshold for this accident and whether plaintiffs' complaint should be dismissed for failure to satisfy the verbal threshold.

---

[1] The order also dismissed for lack of standing a claim for damages to the motor vehicle that Paul was driving in the accident.  The vehicle was owned by his father, who was not a party to the case.  Plaintiffs do not challenge this portion of the order.  Because the issue was not raised in their merits brief, it is deemed waived.  Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in merits brief are deemed abandoned).  See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

[2] We refer to plaintiffs by their first names because they share the same surname.  This is simply to avoid confusion.

A-5908-17T2

Paul was driving his father's vehicle when the accident occurred. He was a student at a college in Rhode Island. He did not maintain his own private passenger automobile insurance policy. Paul testified in his deposition that he resided with his father and other family members. Defendant contended that Paul was subject to the verbal threshold as a resident and immediate family member of his father, who had an automobile insurance policy that included the verbal threshold.[3]

Steve, who is Paul's cousin, was a passenger in the car Paul was driving. He lived with his mother, who was insured by a policy that included the verbal threshold. He did not have his own automobile insurance policy. No one disputed that the verbal threshold applied to Steve's claim.

In February 2016, plaintiffs filed a personal injury lawsuit against defendant Issac Effah, who was the other driver in the accident. Both plaintiffs

---

[3] The verbal threshold "is a cost-containment measure that provides lower premium payments in exchange for a limitation on the insured's right to sue for noneconomic damages." Agha v. Feiner, 198 N.J. 50, 60 (2009) (citing DiProspero v. Penn, 183 N.J. 477, 480-81 (2005)). A plaintiff who is subject to the verbal threshold is not eligible to recover noneconomic damages such as pain and suffering, impairment, disability, and loss of enjoyment of life, unless he has sustained bodily injury of a type that qualifies under the statute. See N.J.S.A. 39:6A-8(a). To vault the threshold, a plaintiff must prove he suffered a permanent injury through objective, credible medical evidence. Agha, 198 N.J. at 60-61.

A-5908-17T2

alleged they sustained neck and back injuries from the accident. One of defendant's affirmative defenses was that plaintiffs failed to satisfy the verbal threshold. When discovery closed on April 11, 2018, plaintiffs had not served their expert's reports, although plaintiffs' depositions were finished and written discovery had been exchanged.

One day before the scheduled arbitration, plaintiffs served two reports from Ningning He, M.D., regarding her examinations of Paul and Steve. Dated two months earlier, the reports said that Steve sustained a neck and back sprain and strain, lumbar radiculitis and spondylosis, all of which were "causally related" to the motor vehicle accident. Steve's MRI reportedly showed a disc herniation at C4-C5 and bulging discs at other levels of the cervical spine. Paul's examination showed similar results, but included the additional finding of cervical spondylosis. His MRI reportedly showed disc herniations at L3-L4, L4-L5 and L5-S1, and bulging discs in the cervical spine.

When the case did not resolve at arbitration, defendant filed a motion to bar Dr. He's reports because they had been served after the close of discovery. Plaintiffs did not respond to the motion. On May 25, 2018, the court entered an

order under <u>Rule</u> 4:17-7 that barred Dr. He from testifying and barred plaintiffs from using or referencing Dr. He's medical records at trial.[4]

On the trial date in July 2018, both parties made in limine motions. Defendant asked for an order determining that Paul's claim was subject to the verbal threshold. He contended that N.J.S.A. 39:6A-8.1 applied to require application of the verbal threshold because Paul did not have his own insurance and was a resident with, and an immediate family member of, his father, who was covered by an insurance policy that included the verbal threshold. Although Paul testified in his deposition that he resided with his father, plaintiffs argued there was a question about this because he was a student at a college in Rhode Island.

The trial court found that the verbal threshold applied because Paul did not have his own insurance and, based on his deposition testimony, was residing with his father. The court considered that college was just a "temporary re-location for the most part." Citing <u>Montemayor v. Signorelli</u>, 339 N.J. Super. 482, 487-89 (App. Div. 2001), the court found Paul could be covered by his father's insurance even though he was an adult.

---

[4] We are not able to read the court's handwritten notation on this order because of the poor quality of the copy in the appendix.

Plaintiffs made an in limine application to vacate the May 25, 2018 order that barred them from presenting Dr. He's testimony or her medical records at trial. They claimed they had not gotten notice of defendant's motion or the May 25, 2018 order because of an error in the court's e-filing system. They asked the court to vacate the May 25, 2018 order based on a lack of service. Defendant opposed the motion, arguing that he had forwarded a copy of the motion to plaintiffs' counsel. He claimed he would be prejudiced were the testimony permitted and asked to be able to provide a supplemental report from his expert prior to trial.

The trial court found that the motion was not mailed electronically to plaintiffs' law firm. It vacated its prior order, finding that Dr. He's reports were admissible because otherwise "the interest of justice and potential detriment to . . . plaintiff would be significant."[5] The court indicated it would allow defendant's counsel time to prepare a supplemental report.

Defendant's counsel immediately moved in limine to dismiss plaintiffs' noneconomic claims, arguing that based on Dr. He's reports, neither plaintiff

---

[5] Defendant did not cross-appeal from this order. As such, defendant waived any challenge to it on remand. See State v. Elkwisni, 190 N.J. 169, 175 (2007) (to obtain relief from a judgment, respondent must file a cross-appeal); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 2:3-4 (2019).

satisfied the verbal threshold. Defendant contended the reports did not allege that plaintiffs sustained permanent injuries from the accident. There was no certification of permanency. Counsel argued that Dr. He did not personally examine the MRI films of either plaintiff. Plaintiffs' counsel opposed the motion. He argued the MRI findings and plaintiffs' medical treatment indicated they had suffered permanent injuries that required consideration by a jury.

The court conferenced with counsel in chambers. When it returned to the record, the court dismissed the noneconomic claims, finding that plaintiffs had not satisfied the verbal threshold. Although the court was aware that Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N. J. Super. 461 (App. Div. 2015), "discourage[ed] in limine motions that are dispositive at the time of trial," it found nonetheless that defendant was within his "right" to make the in limine motion to dismiss because of the court's order that allowed Dr. He's reports. The reports stated that plaintiffs suffered strains and sprains. There were no "EMG reports to support any kind of radiculopathy." The court found there was no proof of permanent injuries through "objective credible medical evidence." The court's order memorializing these rulings was entered August 28, 2018.

On appeal, plaintiffs argue the trial court erred by ordering that Paul had to satisfy the verbal threshold because there was no proof his father elected the

verbal threshold, nor was there adequate proof of Paul's residence. They claim defendant's motion to dismiss the noneconomic claims should not have been filed as an in limine motion because they did not have adequate time to respond, which deprived them of due process. Even if it were procedurally proper to hear the motion, plaintiffs argue the court erred by finding they did not pierce the verbal threshold. We agree that defendant's motions should not have been heard as in limine motions.[6]

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." Cho, 443 N.J. Super. at 470 (quoting Black's Law Dictionary 1109 (9th ed. 2009)). When filed on the eve of trial, it "is permissible only when it addresses preliminary or evidentiary issues." L.C. v. M.A.J., 451 N.J. Super. 408, 411 (App. Div. 2017). Even then, such applications are "disfavor[ed]," Cho, 443 N.J. Super. at 470, and "should be heard 'only sparingly.'" L.C., 451 N.J. Super. at 411 (quoting Bellardini v. Krikorian, 222 N.J. Super. 457, 464 (App. Div. 1988)). A motion in limine is not a "summary judgment motion that happens to be filed on the eve of trial. When granting a motion will result in the dismissal of a plaintiff's case or the

---

[6] We express no opinion on whether the verbal threshold applies to Paul's claim for noneconomic damages or whether plaintiffs satisfied that threshold.

A-5908-17T2

suppression of defendant's defenses, the motion is subject to <u>Rule</u> 4:46, the rule that governs summary judgment motions." <u>Cho</u>, 443 N.J. Super. at 471. The motion must comply with applicable timelines. Summary judgment motions require twenty-eight days' notice and must be returnable at least thirty days before trial. <u>R.</u> 4:46-1.

Defendant asked to dismiss plaintiffs' noneconomic claims in an in limine motion after the court ruled that Dr. He's reports no longer were barred. This request was a summary judgment motion; it relied on reports that were not part of the pleadings and requested dismissal of certain claims. <u>See</u> <u>R.</u> 4:46-1. Plaintiffs did not receive the required twenty-eight days' notice.

The situation was not "extraordinary" as contemplated by <u>Cho</u>. As plaintiffs noted, defendant likely could have filed a motion for summary judgment on the same grounds during the time when Dr. He's reports were barred because, at that point, plaintiffs lacked an expert to prove causation. When faced with the in limine motion to dismiss, the court could have chosen not to hear the motion or required that it be filed with the required notice and opportunity to respond. By hearing the motion on the morning of trial, plaintiffs had no opportunity to prepare a response.

The procedure also precluded meaningful appellate review. It is not clear what evidence was presented to the court for its consideration. We do not know if all of the items in the appendix were part of the record before the court when the motion was made because the motion was made orally. We do not know what was discussed or agreed on in chambers because no record of that conference was made thereafter by the trial court. Without any of this, we cannot know with certainty what the court considered and relied on in making its decision.

The same problem exists regarding the trial court's order that the verbal threshold should apply to Paul's noneconomic claims. There was nothing that precluded defendant from asking for a resolution of that issue at some point in time prior to the morning of trial. More importantly, because this relief was requested orally, it is not clear what evidence the court considered, what was known about where Paul resided or whether there was competent evidence that his father's policy included the verbal threshold. Plaintiffs should have had the opportunity to show the court such evidence as they had, before the court determined that the verbal threshold applied.

Vacated and remanded for further proceeding consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5908-17T2